IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| PHILIP W. McCLURE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-386-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| DARCY BAKER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Philip W. McClure
SID# 5072942
Oregon State Penitentiary
2605 State Street
Salem, Oregon  97310-0505

       Pro Se Plaintiff

Hardy Myers
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon  97301-4096

       Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Philip McClure brings this action seeking declaratory and injunctive relief in a challenge to the constitutionality of Oregon's parole procedures. McClure alleges that his parole has been deferred on the basis that he has a "present severe emotional disturbance, such as to constitute a danger to the health and safety of the community." Complaint ¶ 7. In particular, McClure alleges that the term "severe emotional disturbance," as used in various administrative rules, is unconstitutionally vague. He alleges that use of this term violates his rights under the Due Process, Equal Protection, and Ex Post Facto Clauses.

Before the court is Defendant's Motion to Dismiss–*Younger* Abstention (#21).

## DISCUSSION

Defendant contends that this court should abstain from accepting jurisdiction under the doctrine set forth in <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746 (1971). Defendant argues that the federal litigation will interfere with McClure's pending suit in the Oregon Court of Appeals.

McClure concedes that his pending state suit raises an issue concerning the unconstitutional vagueness of the term "severe emotional disturbance," but argues that he does not challenge the Parole Board's procedures in the state action: "[The state action] attack[s] the Board's errors in the evidence they rely upon to defer plaintiff's parole and for the lack of a definition for the term 'severe emotional disturbance' because such undefined term invites arbitrary use by the board members, allowing them to abuse their discretion and defer parole releases." Resp. to Def.'s Mot. to Dismiss at 2.

The Ninth Circuit explained *Younger* abstention, Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746 (1971), and its progeny as follows:

> *If* a state-initiated proceeding is ongoing, and *if* it implicates important state interests . . . , and *if* the federal litigant is not barred from litigating federal constitutional issues in that proceeding, *then* a federal court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that *Younger* disapproves.

Gilbertson v. Albright, 381 F.3d 965, 978 (9th Cir. 2004) (emphasis in the original). If *Younger* abstention applies, the court should stay the case pending the resolution of the state action if damages are at issue and dismiss the case if injunctive or declaratory relief is at issue. Id. at 979-83.

At the outset, I disagree with McClure's contention that he is not challenging the Parole Board's procedures in state court. His challenge concerning the Board's interpretation of the phrase McClure alleges is unconstitutionally vague not only challenges the decision not to grant him parole but also challenges the Board's procedure in coming to that conclusion.

Turning to the *Younger* abstention factors, first, it is undisputed that a state-initiated proceeding is ongoing. Second, the state proceeding concerns how the Parole Board makes its parole decisions, specifically the type of evidence relied on, and the standard at issue, when making conclusions about a prisoner's mental state and whether the prisoner is ready to be paroled. This is a crucial state interest that goes far beyond application of the issue to McClure's situation. Third, McClure can litigate his constitutional issues in the state proceeding. This is clear from the documents filed by McClure in his Motion for Amended Petition filed with the Oregon Court of Appeals and the constitutional issues he raises within them. Finally, the federal litigation would have the practical effect of enjoining the state proceeding by deciding the very

Page 3 - OPINION AND ORDER

issue before the Oregon Court of Appeals. Consequently, I conclude that *Younger* abstention is required.

Because McClure seeks no damages in the federal action, the appropriate resolution under Gilbertson is dismissal of this action.

## CONCLUSION

Defendant's Motion to Dismiss–*Younger* Abstention (#21) is granted. This action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this       29th         day of January, 2008.

                                                /s/ Garr M. King  
                                              Garr M. King  
                                              United States District Judge